364 So.2d 946 (1978)
STATE of Louisiana
v.
Raymond DECUIR.
No. 62108.
Supreme Court of Louisiana.
November 13, 1978.
*947 Allen R. Ingram, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., David F. Hutchins, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Raymond Decuir was indicted by the grand jury for the crime of forcible rape in violation of La.R.S. 14:43.1. After trial by jury, defendant was found guilty as charged and sentenced to serve twelve years at hard labor. On appeal, defendant relies on two assignments of error for reversal of his conviction and sentence.[1]
Defendant contends the trial judge erred in failing to permit him to cross-examine the rape victim concerning an incident involving her prior sexual conduct and reputation for chastity. He argues that the evidence was admissible to attack the credibility of the witness by showing her bias, interest or corruption.
The record reflects that on cross-examination, defendant sought to question the rape victim, a seventeen-year-old, unmarried girl with two children, concerning the circumstances surrounding the birth of her first child. The state objected to this inquiry, and defendant, outside the presence of the jury, stated that he sought to establish that at the age of fourteen, the victim had become pregnant while unmarried and had told her mother that her boyfriend had raped her. The trial judge ruled that, since the evidence related to prior sexual conduct and reputation for chastity of the rape victim not arising out of the victim's relationship with the accused, it would not be admissible under La.R.S. 15:498.[2] Hence, he refused to permit defendant to pursue this line of questioning.
La.R.S. 15:491 provides that, when the witness' credibility is attacked, the inquiry must be limited to general reputation, and cannot go into particular acts, vices or courses of conduct. More specifically, in 1975, the legislature passed Act 732 (La.R.S. 15:498) which precludes an attack on the credibility of a rape victim by evidence of prior sexual conduct and reputation for chastity except for incidents arising out of the victim's relationship with the accused.
However, La.R.S. 15:492 provides:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same. (emphasis added) *948 Thus, we have traditionally allowed a defendant in a criminal case to attack the credibility of a witness by cross-examination directed at possible bias or interest which might influence the witness' perceptions or color his testimony. State v. Kellogg, 350 So.2d 656 (La.1977); State v. Robinson, 337 So.2d 1168 (La.1976); State v. Lewis, 328 So.2d 75 (La.1976), cert, denied, 429 U.S. 833, 97 S.Ct. 98, 50 L.Ed.2d 98 (1976). This broad right to attack the credibility of a witness for bias or interest is dictated not only by La.R.S. 15:492 authorizing examination to show bias or interest, but also by the statutory right to full cross-examination, La.R.S. 15:280, and the constitutional right of confrontation, La.Const. art. 1, § 16; U.S.Const. amend. VI. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 1347 (1974); State v. Kellogg, supra.

However, the bias permitted to be exposed must be personal against the defendant rather than general in nature, and the interest must be particular to the case; therefore, questions or evidence as to general prejudices or special biases or interests too irrelevant to or remote from the issues of the case at trial have been considered improper as impeachment. State v. Lewis, supra; State v. Robinson, supra. See also La.R.S. 15:494: "It is not competent to impeach a witness as to collateral facts or irrelevant matter." However, in State v. Cappo, 345 So.2d 443 (La.1977), we held, under the facts of that case, that possible corruption may be shown by evidence that the witness had brought false charges in the past if such evidence was relevant to establish a present motive to falsify testimony.
In the instant case, defendant sought to elicit testimony that the rape victim had previously falsely claimed to have been raped. Although such testimony concerns the prior sexual conduct of the victim other than with the accused, defendant maintains that it is admissible to establish corrupted motive on the part of the witness. We do not agree. The evidence of the victim's earlier rape claim is not relevant to the issue of her credibility and therefore was properly excluded by the trial judge. The motivation for a pregnant, unmarried fourteen-year-old girl to lie to her mother that she was raped is apparent. Moreover, defendant made no attempt to show that any formal charge resulted from the incident. Nor does defendant suggest any correlation between that incident and this charge of forcible rape against a stranger whose encounter with the victim would not have been discovered had she not revealed it. Thus, the earlier occurrence did not suggest a motive on the part of the witness to falsify her testimony at this trial.
In view of our finding that the evidence sought to be elicited was not competent to impeach the witness because of its irrelevancy and was therefore inadmissible, we need not consider the applicability of La. R.S. 15:498 where the evidence of prior sexual conduct of a rape victim is in fact relevant to establish bias, interest or corruption on the part of the witness.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs in the result and assigns reasons.
DENNIS, Justice, concurring.
I concur in the majority's conclusion that the victim's sexual history was not relevant to any fact at issue in the present case and that it was therefore proper for the trial court to disallow cross-examination on that subject. However, I feel that this case has exposed an infirmity of constitutional dimensions in our rape shield law, La.R.S. 15:498, which must be addressed.
By excluding evidence of a rape complainant's sexual conduct with any person other than the accused, La.R.S. 15:498 serves important goals: it abates the victim's ordeal at trial, lessens the possibility that inflammatory evidence of his or her sexual history will unjustly influence the verdict and encourages reports of rape. But to the extent that it excludes evidence *949 which is genuinely relevant, it may overreach its legitimate aims and trench upon the accused's constitutional right to a fair trial.
In Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the United States Supreme Court found that Alaska's policy interest in enforcing a protective statute comparable to our La.R.S. 15:498 was subordinate to the defendant's right of confrontation. At Davis' trial for grand larceny and burglary, the defense had proposed to show that the state's principal witness, a juvenile on probation for burglary, might have falsified his testimony to shift suspicion away from himself or, afraid of probation revocation, might have been subject to undue pressure from police to identify Davis. However, the trial judge, relying on a juvenile shield law, forbade the use of the witness' juvenile record to show the existence of possible bias. The Supreme Court held that the ruling had denied Davis his right of effective cross-examination, a right which in this setting was paramount to the state's interest in protecting the anonymity of juvenile offenders. The implications of Davis for rape shield laws are readily apparent, and at least two other jurisdictions have found such statutes unconstitutional as applied to exclude evidence indicating bias on the part of the complainant. State v. Jalo, 27 Or.App. 845, 557 P.2d 1359 (1976); State v. DeLawder, 28 Md.App. 212, 344 A.2d 446 (1975).
I do not mean to suggest that a rape victim's privacy may no longer be safeguarded against irrelevant attacks on his or her general credibility. Nor do I subscribe to the majority's statement that "the bias permitted to be exposed must be personal against the defendant" (emphasis supplied). Bias or interest in any form which might color a witness' testimony may be explored on cross-examination. The ultimate question is one of relevancy, and it cannot be reasonably determined by an inflexible rule having no regard for the facts of a particular case. Rather, the decision whether to admit evidence of the complainant's prior sexual conduct should be consigned to the trial judge who can delicately weigh the competing interests of complainant and defendant.
NOTES
[1] Defendant has neither briefed nor argued Assignment of Error No. 2. Hence, we consider it to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[2] La.R.S. 15:498 provides:

Evidence of prior sexual conduct and reputation for chastity of a victim of rape or carnal knowledge shall not be admissible except for incidents arising out of the victim's relationship with the accused.