|! JONES, Judge.
Relator seeks review of the trial court’s ruling denying his motion to offer evidence of the victim’s past sexual history in his defense of the forcible rape charge brought against him by the State of Louisiana. After reviewing relator’s writ application, we find that the trial court committed manifest error in denying relator’s motion, and we reverse the ruling of the trial court accordingly.

PROCEDURAL HISTORY

Relator, Reginald Handy, was charged with one count of forcible rape of T.W.[1] During his arraignment, relator entered a not guilty plea, and on September 11,1998, the defendant filed a motion to offer evidence of the victim’s past sexual behavior in accordance with Louisiana Code of Evidence Article 412. Following a hearing on December 14, 1998, the trial court denied the motion. The defendant filed a notice of intent to apply for writs, and the trial court set a return date of January 11, 1999. Relator filed this writ application on January 8, 1999. There is no trial date set at this time.

REACTS

Relator avers that he is accused of raping his eighteen-year-old former girlfriend *135 on November .9, 1997, at approximately 4:00 a.m. The rape allegedly occurred at the victim’s home and was reported at approximately 12:15 p.m. on November 9th. The victim was examined at Charity Hospital on the same date at approximately 3:00 p.m. The emergency room report and physical examination for sexual assault form reflect that the victim suffered a one-half centimeter abrasion/laceration anteri- or to the cervix on the vaginal mucosa. No external trauma to the genital-rectal area was noted. The victim did have facial abrasions and a bite mark on the neck. The internal and external swabs were negative for seminal fluid and spermatozoa. Relator asserts that he did not rape the victim.
In his motion to present evidence of the victim’s prior sexual activity, relator argues that the victim had also engaged in sexual relations with Theo McGriff on the night of the alleged rape; Mr. McGriffs testimony was presented to the trial court at the December 14, 1998 hearing. Mr. McGriff testified that he was at the victim’s home from approximately 8:00 p.m. until 1:00 a.m. on November 8-9, 1997. He also testified that he engaged in sexual intercourse with the victim, without a condom, but did not ejaculate inside of her. Mr. McGriff also testified that he was not rough with the victim and he testified that he did not hear the victim complain that he was being rough or that the intercourse was hurting her. Mr. McGriff further testified that the defendant came to the victim’s house while he was present, and that the victim and the relator argued until relator later left. However, the victim did not tell Mr. McGriff of the alleged rape until recently.

\ .DISCUSSION

Relator argues to this Court that the trial court erred when it denied his motion to present the evidence of the victim’s prior sexual activity with Mr. McGriff. The relator further argues that the evidence is relevant and fits within the exception provided by Article 412 of the Louisiana Code of Evidence, also known as the “rape shield law.” Additionally, he argues that exclusion of the evidence would violate his constitutional right to confrontation of his accusers and violate his Due Process rights.
Louisiana Code of Evidence art. 412 provides:
Art. 412. Victim’s past sexual behavior in sexual assault cases
A. Opinion and reputation evidence. When an accused is charged with a crime involving sexually assaul-tive behavior, reputation or opinion evidence of the past sexual behavior of the victim is not admissible.
B. Other evidence; exceptions. When an accused is charged with a crime involving sexually assaultive behavior, evidence of specific instances of the victim’s past sexual behavior is also not admissible except for:
(1) Evidence of past sexual behavior with persons other than the accused, upon the issue of whether or not the accused was the source of the semen or injury; provided that such evidence is limited to a period not to exceed seventy-two hours prior to the time of the offense, and further provided that the jury be instructed at the time and in its final charge regarding the limited purpose for which the evidence is admitted; or
(2) Evidence of past sexual behavior with the accused offered by the accused upon the issue of whether or not the victim consented to the sexually assaul-tive behavior.
C. Motion. (1) Before the person accused of committing a crime that involves sexually assaultive behavior may offer under Paragraph B of this Article evidence of specific instances of the victim’s past sexual behavior, the accused |4shall make a written motion in camera to offer such evidence. The motion shall be accompanied by a written statement *136 of evidence setting forth the names and addresses of persons to be called as witnesses.
(2)The motion and statement of evidence shall be served on the state which shall make a reasonable effort to notify the victim prior to the hearing.
D. Time for motion. The motion shall be made within the time for filing pre-trial motions specified in Code of Criminal Procedure Article 521, except that the court shall allow the motion to be made at a later date, if the court determines that:
(1) The evidence is of past sexual behavior with the accused, and the accused establishes that the motion was not timely made because of an impossibility arising out of no fault of his own; or
(2) The evidence is of past sexual behavior with someone other than the accused, and the accused establishes that the evidence or the issue to which it relates is newly discovered and could not have been obtained earlier through the exercise of due diligence.
E. Hearing. (1) If the court determines that the statement of evidence contains evidence described in Paragraph B, the court shall order a hearing which shall be closed to determine if such evidence is admissible. At such hearing the parties may call witnesses.
(2) The victim, if present, has the right to attend the hearing and may be accompanied by counsel.
(3) If the court determines on the basis of the hearing described in Subpara-graph (E)(1) that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence may be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the victim may be examined or cross-examined. Introduction of such evidence shall be limited to that specified in the order.
(4)Any motion made under Subpara-graph C and any statement of evidence, brief, record of a hearing, or like material made or used in connection with the motion shall |sbe kept in a separate, sealed package as part of the record in the case. Nothing in this Article shall preclude the use of the testimony at such hearing in a subsequent prosecution for perjury or false swearing.
F.Past sexual behavior defined. For purposes of this Article, the term “past sexual behavior” means sexual behavior other than the sexual behavior with respect to which the offense of sexually assaultive behavior is alleged.
Pursuant to art. 412, the relator’s motion was timely filed and presented testimony which apparently fits within the exception of paragraph (B) of Article 412. The prior sexual activity referred to in relator’s motion allegedly occurred within seventy-two hours of the incident. Relator seeks to present evidence to show that the victim’s sexual intercourse with Mr. MeGriff was the source of the abrasion/laceration — the only physical evidence of the alleged rape.
At the hearing, the State’s primary argument against the granting of relator’s motion was that MeGriff s testimony did not fit the exception of LSA-C.E. art 412 because he only testified that the victim did not complain of painful physical intercourse with him. However, article 412(B) provides that the evidence is admissible “upon the issue of whether or not the accused was the source of the semen or injury.” Nothing in LSA-C.E. article 412 implies that the evidence should be excluded simply because the other sexual activity may not be the source of the injury — an issue which presumably is for the jury to decide.
Furthermore,relator argues that his constitutional right to confront his accusers must also be considered. The Second Circuit addressed this issue in State v. Womack, 592 So.2d 872 (La.App. 2 Cir.1991), writ denied, 600 So.2d 675 (La.1992), *137 where the defense sought to introduce evidence of the victim’s alleged sexual intercourse with another man that occurred approximately one year prior to the 1 (¡alleged rape by the defendant. The court acknowledged that this evidence would not fall within the exceptions of art. 412(B), but it then noted:
The Louisiana Supreme Court has indicated that a restriction of a defendant’s offer to introduce testimony as to the victim’s prior sexual history may violate defendant’s right to confrontation and fair trial. State v. Vaughn, 448 So.2d 1260 (La.1983); LSA-C.E. Art. 412 comment (b). The Federal Rules of Evidence have addressed this problem by explicitly providing for the admissibility of some evidence of a victim’s past sexual behavior when such evidence is constitutionally required to be admitted. In criminal matters, the articles of the Louisiana Code of Evidence must be interpreted and applied in light of and within the confines mandated by the Louisiana and Federal Constitutions. LSA-C.E. Art. 102 comment (b). The constitutional “exception” to LSA-C.E. Art. 412 is “intended to cover those infrequent instances where, because of an unusual chain of circumstances, the general rule of inadmissibility, if followed, would result in denying the defendant a constitutional right.” House of Representatives, 120 Cong. Rec. 34, 912 (1978). In Vaughn, the Louisiana State Supreme Court concluded “that evidence of a single instance of sexual intercourse between the victim and another individual five days prior to the rape is not relevant to a determination of whether the act with defendant was consensual.” Further, the Supreme Court held that where the evidence sought to be admitted is not relevant, the right to confrontation is not affected. Vaughn, supra.
Womack, 592 So.2d at 879. In State v. Taylor, 32,224 (La.App. 2 Cir. 11/13/98), 722 So.2d 1073, the reviewing court held that the exclusionary rule of the rape shield law must yield to the defendant’s constitutional right to impeach the victim’s credibility, when the State had based its entire case on that credibility and the victim testified that she had sex with no one but the defendant.[2]
The Louisiana Supreme Court reversed a conviction in State v. Everidge, 96-2665, 96-2647 (La.12/2/97), 702 So.2d 680, because the exclusion of the evidence 17of the victim’s prior sexual activity was not harmless error. This Court, in reviewing Everidge, found the error to be harmless in an unpublished opinion. State v. Everidge, 95-0507 (La.App. 4 Cir. 10/2/96), 680 So.2d 793. The evidence, which the defense sought to introduce, involved testimony that the defendant and the victim were casually acquainted, and had arranged a rendezvous for sex. The defendant’s contention was that they met and had sex as planned, but the victim became angry when the defendant would not stay with her after they had sex. The defense also called witnesses, outside the presence of the jury, who testified that hours before the alleged rape occurred the victim and the defendant were hugging and kissing, and that they heard the victim arrange a rendezvous with the defendant.
The victim testified that the defendant came to her apartment to use the phone, “pushed the door closed, clutched her wrists, forced her into her bedroom, and raped her.” In reversing the defendant’s conviction, the Supreme Court reaffirmed Vaughn and its requirement that the defendant’s constitutional rights to confront a witness and present a defense must be balanced against the victim’s interests of not having her sexual history made public. Everidge, p. 5, 702 So.2d at 684.
*138 In the instant ease, the evidence presented in relator’s motion appears to fit within the exception of Article 412. Although Article 412(E)(3) provides that the court could still exclude the evidence if it finds that the probative value outweighs the danger of unfair prejudice, the trial court here denied the motion without explanation. Moreover, the State never argued that the evidence was probative or unduly prejudicial; instead it argued that the exception was not shown. The court apparently accepted this argument after both parties confirmed that no semen was present. Considering that the exception in Article 412(B) states semen or injury, the lack of semen is not dispositive of the issue. In State v. Ragas, 607 So.2d 967, 970 (La.App. 4 Cir.1992), writ denied 612 So.2d 97 (La.1993), this Court recognized that injury in Article 412(B) as “injury suffered in the crime involving the sexually assaultive behavior.”
The State did not indicate that the abrasion/laceration was not going to be used to corroborate that a rape occurred. Nevertheless, because this is a pretrial writ, the evidence to be presented is not fully developed. We note that it has been held that reversible error occurred when evidence of a prior sexual trauma was excluded. The reviewing court determined that the evidence could have explained physical findings of an enlarged hymen, which the prosecution argued to the jury was evidence of the penetration of the victim by the defendant. U.S. v. Begay, 937 F.2d 515 (10th Cir.1991).
On the other hand, our brethren at the Fifth Circuit upheld the trial court’s exclusion of evidence of a prior alleged rape of the fourteen-year old victim when she was six years old. State v. Zierhut, 93-673 (La.App. 5 Cir. 2/9/94), 631 So.2d 1378, writ denied, 94-0607 (La.6/3/94), 637 So.2d 500. In Zierhut, the defense sought to present the evidence to establish a source for a small vaginal scar and venereal warts found during the physical examination of the victim. In affirming the conviction, the reviewing court specifically noted that the victim’s physician did not place any emphasis on the vaginal scar as evidence of the rape. The victim’s physician also noted that the venereal warts had no bearing “on the ultimate issue before the jury, i.e., whether an aggravated rape had been committed by the defendant.” Zierhut, 631 So.2d at 1381. In contrast to the instant case, the prior sexual activity in Zierhut occurred several years prior to the alleged rape, and did not, on its face, fall within the seventy-two hour exception found in La. C.E. art. 412.

I «CONCLUSION

Relator has made a prima facie showing that the trial court erred in denying his motion. Therefore, the ruling of the trial court is reversed. The matter is remanded for further proceedings not inconsistent with this Court’s ruling herein.

WRIT APPLICATION GRANTED.

. Because this case involves a sexual assault, only the victim's initials will be used.

. Although not mentioned by the relator, the sexual assault examination form includes a question of the last sexual intercourse prior to the incident; the answer is given as "1 week prior.”