# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DESMOND CARTER

NO. 2024 KW 0814

NOV 06 2024

---

In Re:   State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. DC-23-00925.

---

BEFORE:   GUIDRY, C.J., PENZATO AND STROMBERG, JJ.

**WRIT GRANTED.** Following the hearing in this matter, the trial court failed to specify the evidence which may be offered in accordance with La. Code Evid. Art. 412(E)(3). Therefore, the court's ruling is vacated for compliance with Article 412.

### AHP
### TPS

**Guidry, C.J.,** dissents and would deny the writ application. I believe the trial court, in its ruling, sufficiently specifies the evidence to be allowed and the extent to which that evidence is allowed. While the State argues that the defense might attempt to go beyond what the trial court specifically allowed, the trial court acknowledged that it would entertain a motion in limine from the State to preclude such tactics by the defense, which I believe is the better course of action to take. Moreover, the trial court's ruling preserves the defendant's constitutional right to present a defense. See **Washington v. Texas**, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967); **State v. Curtin**, 2022-1110 (La. App. 1st Cir. 10/5/23), 376 So.3d 918, 931, writ denied, 2023-01464 (La. 4/23/24), 383 So.3d 603. The evidence falls within the statutory exception for specific instances of the victim's past sexual behavior with persons other than the accused relative to the issue of whether or not the accused was the source of injury. See La. Code Evid. art. 412(A)(2)(a). Article 412 does not require the exclusion of evidence of other sexual activity simply because it may not be the source of the injury; that issue is for the jury to decide. See **State v. Handy**, 99-0055 (La. App. 4th Cir. 4/7/99), 732 So.2d 134, 136.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT