# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

CASEN CARVER

NO. 2024 KW 0813

NOVEMBER 6, 2024

In Re:     State of Louisiana, applying for supervisory writs, 19th
           Judicial District Court, Parish of East Baton Rouge, No.
           DC-23-02251.

BEFORE:   GUIDRY, C.J., PENZATO AND STROMBERG, JJ.

WRIT GRANTED. Following the hearing in this matter, the trial
court failed to specify the evidence which may be offered in
accordance with La. Code Evid. Art. 412(E)(3). Therefore, the
court's ruling is vacated for compliance with Article 412.

**AHP**
**TPS**

Guidry, C.J., dissents and would deny the writ application. I
believe the trial court, in its ruling, sufficiently specifies the
evidence to be allowed and the extent to which that evidence is
allowed. While the State argues that the defense might attempt to
go beyond what the trial court specifically allowed, the trial
court acknowledged that it would entertain a motion in limine from
the State to preclude such tactics by the defense, which I believe
is the better course of action to take. Moreover, the trial
court's ruling preserves the defendant's constitutional right to
present a defense. See **Washington v. Texas**, 388 U.S. 14, 19, 87
S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967); **State v. Curtin**, 2022-
1110 (La. App. 1st Cir. 10/5/23), 376 So.3d 918, 931, writ denied,
2023-01464 (La. 4/23/24), 383 So.3d 603. The evidence falls within
the statutory exception for specific instances of the victim's
past sexual behavior with persons other than the accused relative
to the issue of whether or not the accused was the source of
injury. See La. Code Evid. art. 412(A)(2)(a). Article 412 does
not require the exclusion of evidence of other sexual activity
simply because it may not be the source of the injury; that issue
is for the jury to decide. See **State v. Handy**, 99-0055 (La. App.
4th Cir. 4/7/99), 732 So.2d 134, 136.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
      FOR THE COURT